# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| **ALFRED HENDERSON** | **CIVIL ACTION NO. 24-998-P** |
| **VERSUS** | **JUDGE HICKS** |
| **DEPUTY SCHUBERT, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed <u>in forma pauperis</u> by <u>pro se</u> plaintiff Alfred Henderson ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on July 25, 2024. Plaintiff is incarcerated at the Caddo Correctional Center in Shreveport, Louisiana, and claims his civil rights were violated by prison officials. Plaintiff names Deputy Schubert, Nurse Younlonder Jones, Nurse Merrite, Nurse Parker, Dr. Nelson, and the Caddo Correctional Center as defendants.

On April 23, 2024, Plaintiff went to the medical department because he was in a fight. The nurse took his blood pressure. He claims his blood pressure was low, 60 over 51. He claims the nurse gave him his medications and he was locked in a room by himself. Plaintiff admits that there was a video camera in the room. He claims he blacked out, fell, and hit the floor. He claims that when he regained consciousness, he had a knot the size of an egg on his head. Plaintiff beat on the window to notify the nurse that he had passed

out and hit his head. He claims he was returned to his dorm but then later was returned to the medical department to see the doctor and take an X-Ray. He admits that he was given Tylenol.

Plaintiff claims he still has a headache and a nonvisible bump on his head which can be felt. He claims he sometimes has shooting pain in his head, double vision, and dizziness. He claims he had a nosebleed.

Plaintiff admits that he was not denied medical treatment. He was seen and examined by the medical staff in the infirmary on April 23, April 30, May 13, May 22, May 30, and June 13, 2024. He admits that when he requested medication, he was given Tylenol on May 11, May 13, May 19, May 22, May 28, May 30, and June 18, 2024.

Plaintiff states that Deputy Schubert locked him in a waiting room. He admits Nurse Parker, Nurse Merrite, and Nurse Jones brought him his medication when needed. He also admits Dr. Nelson examined him and said he could have Tylenol long term for the knot on his head.

Accordingly, Plaintiff seeks monetary compensation and the videotape of him passing out.

**LAW AND ANALYSIS**

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law. The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged denial of, or inadequate medical care is the Eighth Amendment prohibition against cruel and unusual punishment.

The lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment of the United States Constitution only if the evidence shows that the prison officials showed "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); See also Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994).  It is only deliberate indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. Estelle, 429 U.S. at 105-06, 97 S. Ct. at 292; See also Gregg v. Georgia, 428 U.S. 153, 96 S. Ct. 2909 (1976).  Further, the plaintiff must establish that the defendants possessed a culpable state of mind.  See Wilson v. Seiter, 501 U.S. 294, 297-302, 111 S. Ct. 2321, 2323-27 (1991); Farmer, 511 U.S. at 838-47, 114 S. Ct. at 1979-84.  In addition, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

After a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding of deliberate indifference to serious medical needs.  To the contrary, the record demonstrates that Defendants were attentive to the medical needs of Plaintiff.  It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs.  Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997); Callaway v. Smith County, 991 F. Supp. 801, 809 (E.D. Tex. 1998); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992).

Plaintiff admits that he was not denied medical treatment. He admits that after the incident he was X-Rayed and prescribed Tylenol long term. He was seen and examined by the medical staff in the infirmary on April 23, April 30, May 13, May 22, May 30, and June 13, 2024. He admits that when he requested medication, he was given Tylenol on May 11, May 13, May 19, May 22, May 28, May 30, and June 18, 2024.

Plaintiff states that Deputy Schubert locked him in a waiting room. Plaintiff does not allege that Deputy Schubert acted with deliberate indifference when he locked him in the waiting room. Furthermore, the waiting room had a video camera.

Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort. However, mere negligence, neglect or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of Defendants do not rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988).

Accordingly, Plaintiff's civil rights complaint should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely

broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's civil rights claims be dismissed with prejudice as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 10th day of February, 2025.

Mark L. Hornsby
U.S. Magistrate Judge